This is the 065046 AD Global Fund v. United States. Good morning, Your Honor. I represent AD Global, and I'd like to pose four points, subject to whatever questions that you may have. First and foremost, we can conceive of no greater way than in violence to the continuity and the uniformity that all agree that the separate partnership rules are adopted to deliver. And we can think of no greater way to exacerbate it further, but the IRS identified at the time of enacting its war for Congress was the biggest administrative problem in the state is, that is, when Congress in section 6229A said, the period for partnership item limitations doesn't ever mean the period. When Congress said in the Congress report, the period for partnership period never means the period. It always means many conflicting periods. Under the government's construction, adopted by the trial court, you have multiple periods in every instance. Doesn't your interpretation do violence to the literal language of statute? I mean, statute doesn't say, as I read in terms of a statute of limitations, separate statute of limitations, it says the final date or language. It shall not expire before the later order. It seems to me that doesn't that just say if you have a partnership return, that the IRS is going to have some additional time in some cases to make an assessment? We say no. If you look at the literal language of section 6229A, what you don't find in there is the phrase 6501, or say forward, says periods of limitations. All of the cases the government relies upon have to write into section 6229, 6501, and minimum and alternative. So you have this implication. That implication is rebuffed by the explicit language of Judge White found in section 6501A. Section 6501A, in its ultimate sentence, says, let me be precise on this, that it is stiff on a partnership. Section 6501, whatever the phrase Judge White shall not expire before the later of the two alternative periods given, the filing or the due date of the partnership return, it does not invoke section 6501, and we know that because the literal language of section 6501 says, for purposes of this chapter, the term return, and section 6501 is a section that takes its key off the individual taxpayer's return. The term return means return required to be filed by the taxpayer. We know that a partnership is not a taxpayer. A partnership passes through its items of income, deductions, gain, and loss to the partners who are taxpayers. If there were any question in the literal language of section 6501, the ultimate sentence in section 6501A clears it up with this parenthetical phrase that follows and makes it clear that it's stiff on a partnership return. But isn't your problem, just following up on Judge White's question, that if there were any question, that we would entertain perhaps some of the additional arguments you have with respect to 6501 and the legislative history. But to get there, we have to construe some ambiguity or question in the language of the statute we're looking at. And where is that question? Why is that the language is clear on its face? You're going to outside authority and say, well, there may not be any ambiguity in the language, but these other sections or these other statements out there create some ambiguity. Why are we doing that? On the contrary, Judge White. What I am saying is the language of section 6229A is clear and it is explicit. It is a period of limitations. It does not say safe harbor. But it does say a partnership. What it says is tribunal for partnership taxable year shall not expire before the date. It doesn't say limitation. What is ambiguous about that? There's nothing ambiguous because it gets before the later of two different dates. It provides alternatives. And it also- And shall not expire before A or before B, whichever is later. That's right. Nothing is ambiguous about that. So there's no limitation. There's no outside limit here. There's a limit on the floor. It shall not expire before. Right. And the question is we say, as you suggested, that section 6229A is perfectly clear. It says it's otherwise provided in this section. It shall not expire for later of these two alternative dates. Not three alternative dates. Not the later part of the partnership term, the due date of the partnership term and the period under section 6501. It could have said that. The government's entire case, however, depends upon complying into section 6229, and they have to write this other section, 6501, the general limitations period, into section 6229 in order to sustain their position. And the reason is the other explicit language in section 6229 makes it clear that it's referring to the period described, the period specified in section 6229A, and nowhere does section 6229A say section 6501. And we know even if you were going to test that implication that somehow section 6229A incorporated section 6501, whatever it incorporates in that implication, it's not section 6501 because section 6501 specifically says we don't apply to partnerships. We don't apply to partnership returns. So perhaps I jumped over to our primary argument that section 6229 is, for 12 separate reasons that we identify in our brief on the face of section 6229, clear it is the succinct self-contained partnership period. What is it you said in the original language, 6229, that you say precludes reference to 6501? My point, Your Honor, was if, for example, you look at, and there's any number of examples in here, if you look at section 6229D and it's specifying the running of the period specified in subsection A, and we say that's subsection A of section 6229. The government says no, no, that's subsection A of section 6501. It's modified by other provisions of this section. We say section 6229. And then on that basis, the running may be suspended upon their issuing of partnership notice, a partnership final part, it's called a final partnership administrative adjustment. That freezes the period. The government has to, on that basis, read section 6501A into section 6229. Otherwise, they don't get an extension of that period. And if you go through the government's brief, if you go through Roanoke Law, all the cases that hold by way of implication that section 6229A incorporates section 6501, recognize that they have to read that into section 6229A because otherwise all these other references to subsection, describing subsection as prescribed, specified in subsection A, don't make sense. And if you recognize that for the government's position to be sustained, you've got to read in something into section, this kind of goes to your point, you've got to read into section 6229A something that's not there, words that are not there. What words are there? I'm having a little trouble here. Listen. Reading the words, the words say partnership taxable years shall not expire before the date. What is missing? The word minimum is not there. And elsewhere Congress puts in the word minimum in the context of statute of limitations. Who's writing that? The government cannot state their argument without… So you're saying that we should not construe shall not expire before the date to be a minimum because they didn't use the word minimum? The two, yes, the two alternative states. We say if you look at this, a drafter's choice, it distinguishes this from the way section 6501 is the general statute of limitations. It doesn't have in one subsection a choice between two different provisions. Here we're saying no, it shall not expire before the later of these two alternative periods. Could have said three alternative periods, but the government's trying to write in a third alternative period. It's not there. What are they trying to write it in? If you literally apply the language here, they prevail. Why do they need to write in something else? Why does the failure to write in a third alternative make this ambiguous? Because it doesn't say section 6501. It doesn't invoke the individual general partnership limitations period in this language. It's not there. Minimum's not there. Alternative's not there. Partner return is not there. Section 6501 is not there. They're reading it in. And what are they reading in? They're reading order minimum in. They're reading section 6501 in. Where? The government's argument would read, fully stated, shall not expire before the date which is three years after the later of, one, the filing of the partnership return, two, the due date of the partnership return, or three, the period under section 6501. And three is not there. Why, if you're writing a section limitation, do you use the word not expire before the date? Do you know of any other section limitations that's written in that kind of language? Some are. I mean, for example, ADA did a report, and it used this language, and it said that this was exclusive separate provision consistent with every other type of partnership proceeding. And it trumped the general rule. It is the language they use. And it leaves open some question as well. Is there something implied by shall not expire before? It's kind of your point. Well, what else is there to talk about? Tell us what it is. Well, we look elsewhere in the statute. There are 12 different indications on the face of this one statute that confirm that this is a self-contained method for handling partnership item procedures. It doesn't make any sense otherwise. The partners' returns don't have any real impact. The relevance here is the audit of the partnership return. And so you say, well, there's some suggestion that this one phrase, shall not expire before the later of, may imply something else. What does it imply? The government says, well, it must imply section 6501. You say, no, but whatever else it may imply. This is a matter of resolving ambiguity. Whatever else it may imply, we know it's not section 6501 because section 6501 says this section doesn't apply to Part 2. Why don't we listen and hear what the government says rather than what you say the government says, then you can come back about that. May it please the Court. I'm Eileen O'Connor from the United States of America with me at counsel tables, Michael Holmes, who wrote the United States Brief in this case. And as our brief states, it is the government's opinion that section 6229 and section 6501 are extremely clear. Section 6501 of the code provides the statute of limitations on assessment. It says that the commissioner shall assess taxes within three years of the time a return is filed. Several dozen places within the Internal Revenue Code, it says that the statute shall not expire before. Section 6229 is one of those sections. It has been in the Internal Revenue Code since 1978. First in section 6501 where it was clearly an extension of the ordinary three-year period because the purpose of the three-year period is to give the commissioner three years within which to assess because assessment is the first step the commissioner must take before the commissioner can exercise on his obligation to collect. So the commissioner has three years from the time a return is filed providing information within which to assess. There are many circumstances, partnership returns included, where that information is not provided in the return of the taxpayer. And in those cases, in section 6229 is one, the Internal Revenue Service has additional time measured from the time the Internal Revenue Service gets the information. Section 6229 is not a stand-alone statute of limitations. It is part of a set of provisions that Congress added to the Internal Revenue Code to provide consolidated procedures under which the Internal Revenue Service would examine the activities of partnerships, determine whether deficiencies needed to be assessed on the partners. And that is another reason that you know that section 6501 has to come into play. But what about the other side's argument? I mean, would it have been clear or would it not if there was some explicit reference to 6501? Perhaps it would be clearer, but as I said, throughout the Internal Revenue Code it is understood that section 6501 is the statute of limitations on assessment. It is only partners that can be assessed here. Partners are going to pay a tax that results as a result of partnership activities. So for the IRS, excuse me, for Congress to give the Internal Revenue Service a certain amount of time within which to assess tax resulting from partnership activities and that time falls after the time within which they can assess the tax would be completely nonsensical. I think that it's very clear, as I said, that section 6229 has existed in the Internal Revenue Code since 1978. It did exist originally as part of section 6501, but then when Congress provided subchapter C of chapter 63, which is the chapter of the Internal Revenue Code that describes how the Internal Revenue Service would determine what amounts to assess, and subchapter B in that chapter is the Deficiency Procedures. Generally, subchapter C describes the procedures that the Internal Revenue Service will follow when the entity being examined is a partnership, a flow-through entity. Before these procedures, a partnership might be examined and a partner wouldn't necessarily know about it. These procedures make sure that partners will be notified that an Internal Revenue Service examination is underway. Partners will be notified if the Internal Revenue Service determines that additional tax results from partnership activities. Before that, it wasn't quite clear. If the partnership return is filed before the individual's return, 6229 doesn't come into play. That's right, it does not, because it merely says, shall it not expire before, and in that case, it is the partner's statute of limitations on his own return that is going to... So your basic view is that 6229 just gives the government extra time to review a tax situation if there's a partnership return that's filed after the individual's return. That's exactly right, Your Honor, because the code is very clear that the scheme of the Internal Revenue Code is to provide the commissioner three years within which to assess additional tax. In order to assess additional tax, you have to know who the partners are. One of the provisions in section 6229, which calls into question Mr. Autry's theory, is section 6229 itself has a number of different possibilities that can occur for a statute of limitations. For example, if all of the partners have not been identified to the Internal Revenue Service, the unidentified partners statute is not going to expire any earlier than the Internal Revenue Service has noticed. What's your response to the argument that if the statute is not in your dispute, it's really in favor of the taxpayer? I think that the Supreme Court in Bataraco made it very clear that when the statute of limitations is one that bars the government from taking an action, particularly as here, to collect the tax, the statute of limitations is construed in favor of the government to permit it to accomplish its functions. I think that contrasts with the rule pertaining to the merits of a particular claim on a return. In other words, if there's some ambiguity as to a section as to whether or not a tax is owed, is that determined by the same rule? I'm sorry, I don't understand the question. You're saying the statute of limitations should be, if there's an ambiguity on the statute of limitations, it should be interpreted in favor of the government. Are there situations where if there's an ambiguity, it should be construed in favor of the taxpayer? There very well may be, sir, but not in the case of the statute of limitations on assessment or collection of tax. There was another, I can't put my fingers on it now, but in some of these other cases that are referenced here, there was some reference by some of the judges to 6501N, a provision that I think cross-references 6229. Right. Does that help or hurt you? Well, I think it helps. We didn't rely on it terribly in our brief because it is a cross-reference section for the same reason that we don't rely very heavily on titles or names of sections. We don't rely very heavily on cross-references, but certainly 6501N2 is now the placeholder for what used to be that provision in the code before the 1982 changes to the law, moved it into subchapter C of all the Tefra partnership examination provisions. So I think that it certainly helps us, it says, for an extension of the period of limitations expressed in section 6501C, section 6229. So certainly I think that also clarifies that Congress understood that they were giving the Internal Revenue Service additional time if additional time was necessary in order to determine that additional taxes were due and to assess them. Another reason Mr. Autry's argument about section 6229 doesn't work is that the tax is going to be paid by the partners, so the only statute of limitations that matters is the one specified in section 6501. The couple dozen other places I mentioned in the Internal Revenue Code that say the statute shall not expire before also don't refer to section 6501 in particular because they don't need to, because it's understood that section 6501 provides the statute of limitations on assessment. And the additional time is always given in those circumstances where, for whatever reason, the Internal Revenue Service is not going to have the information on which to base an assessment until sometime after the individual files its return, because it falls in the partnership return. One of my favorites is section 45H, which we didn't mention in our brief, but in that case you have to get certification from the Secretary of the Treasury and the Environmental Protection Agency that you are a small business producer of low-sulfur diesel fuel, and that's something that you don't have by the time you file a return, so the IRS has a period of time additional that shall not expire before it has notice of the qualification of your facility as producing low-sulfur diesel fuel. If there are no additional questions, I respectfully request that the court defer the judgment of the court below for the reasons we state in our brief. Thank you very much. Mr. Autry? Your Honor, to your point, whenever the partnership return needs to file, its partnership needs to file its return, so the partners can file their returns. So in each of these instances, and Congress understood this, which brings us back to the original point, is the period it demonstrates as a general rule Congress contemplated a single partnership period for the single partnership procedure that it mandated, and with the single partnership notices as part of the overall program designed in a streamlined fashion to ensure uniformity. This construction that the period means many conflicting periods returns us back to a circumstance that's worse than that that provoked the enactment of the TEFRA partnership rules in the first instance, and this is how. Before, the agents only had to go to every individual partner and get an extension of the statute of limitations. Now, under this construction, they have to go to every individual partner and get an extension of the individual statute of limitations and go to every individual partner and get an extension of the partnership statute of limitations for that, and they've got to coordinate the two to make sure there's not any conflict. And so the burden that Congress sought to eliminate is not repeated. It's at least doubled, if not tripled. The challenge with this proposition, if we look to each individual return and understand partner number one may have carried the loss for 15 years, so he's got 15 different statute of limitations. At the partnership level, the partnership level has got to be concerned about 15 different statute of limitations because he's putting a whole bunch of losses on his carry forward and not operating losses on each of his 15 returns going forward, that we're looking at his particular circumstances. There's a decision by this court, the president of this court, which says that when you're looking in the same way the Second Circuit looked at money, when you're looking at the specific facts of an individual that doesn't affect all the partners alike, that's not a partnership item. So the government's construction of the partnership statute of limitations reduces this from a partnership level determination to something that's not appropriate, or not within the jurisdiction of a partnership level determination. That brings us back to the fundamental principle that we tried to document as best we could in our brief. You have to look at partnership procedures as a whole. We're looking at the tail end. We're focused on the anchor on the ship, but there's a separate ship built for handling partnership procedures. Every plank in that ship, Congress and the courts have said again and again, the partnership procedure trumps the general procedure. The general procedure's out there, and the general procedure speaks in terms of it applies to any tax imposed, but the courts have again and again confirmed that the partnership procedures are there to create a self-contained, self-floating, self-operating ship, and it trumps all of those things. Every instance, say, on this one, and this one for the first 12 or 15 to 18 years, there's some dispute as to whether or not it's 12 to 18 years that there was consistent construction of the statute. There's no dispute that in the beginning, everyone viewed it at the time that this statute was enacted as the partnership procedure is self-contained, separate, and exclusive. And we ask that you so rule in reverse of some of those. Thank you very much.